NORTH AND SOUTH RAILROAD COMPANY, plaintiff in error, *vs.* R. M. WINFREE, defendant in error.

An instrument in the following form, to-wit: "July 8, 1871, I hereby subscribe for one share of the capital stock of the North and South Railroad Company of Georgia, and hereby own and acknowledge myself indebted to said company in the sum of $100 00, payable to the order of said company on demand; provided the same is not to be paid, or any part thereof, until said road is graded from Columbus, Georgia, within one mile of the court-house in Hamilton, Georgia, within one year from date," is an agreement to pay to the company $100 00 on demand, after the prescribed conditions are fulfilled, and not an agreement to pay what may be the market value of a share of the stock.

Railroads. Stock. Contracts. Promissory notes. Before Judge JAMES JOHNSON. Harris Superior Court. October Term, 1873.

North and South Railroad Company *vs.* Winfree.

The North and South Railroad Company brought assumpsit against R. M. Winfree on the following instrument:

" $100 00.                    HARRIS COUNTY, GEORGIA,
                                   " July 8th, 1871.

" I hereby subscribe for one share of the capital stock of the North and South Railroad Company of Georgia, and hereby own and acknowledge myself indebted to said company in the sum of $100 00 therefor, payable to the order of said company on demand; provided the same is not to be paid, or any part thereof, until said road is graded from Columbus, Georgia, within one mile of the court-house in Hamilton, Georgia, within one year from date.
     (Signed)                      " R. M. WINFREE."

The plaintiff introduced the contract sued on, and showed a compliance on his part with the terms therein expressed.

The defendant introduced testimony to show that the plaintiff's stock was only worth fifty cents in the dollar.   To this evidence plaintiff objected.   The objection was overruled, and plaintiff excepted.

The court charged the jury that the measure of damages was the difference between the nominal value of the stock, and the actual cash value of the same at the time of the breach of the contract.   To this charge plaintiff excepted.

The jury returned a verdict for $50 00, with interest and costs of suit.   Error is assigned upon each of the above grounds of exception.

CHARLES H. WILLIAMS, by R. J. MOSES, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

It seems very clear to us that the contract sued on is a contract to pay $100 00 on demand, if the road is completed to Hamilton within a year.   The value of the stock has nothing

to do with it. One share of the stock is the consideration for the promise, and if it was at the time of the contract worth anything, so that the contract is not a *nudum pactum*, the plaintiff has a right to stand on the written agreement. If the stock has proven worthless, that was the defendant's risk ; he was one of the stockholders, and may be himself partly the cause. At any rate, he has agreed to pay $100 00, and we see nothing in his contract to alter this, except the condition he himself imposed, which, as the proof shows, has been complied with.

Judgment reversed.